IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re PIXAR SECURITIES LITIGATION

This Document Relates To:

    ALL ACTIONS.

No. C 05-04290 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 10, 2006:

The Court **tentatively RESERVES RULING** on Plaintiff's motion for appointment of lead plaintiff and approval of lead plaintiff's selection of lead counsel. The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civ. L.R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have fifteen minutes to address the following questions:

(1) Initially, there were two competing motions for appointment of lead plaintiff and lead counsel. Donald Hedges Lake, Jr. ("Lake") and Frederick P. Arndt ("Arndt") filed one motion seeking to be appointment lead plaintiff and for the Court to approve Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") as lead counsel, and Daniel Edward Offutt Revocable Trust ("Offutt") filed a separate motion to be appointed lead plaintiff and to have the Court approve Stull, Stull & Brody as lead counsel. On January 20, 2006, Lake, Arndt, and Offutt filed a stipulation and proposed order seeking to have both motions granted, have all three individuals appointed co-lead plaintiffs, and have both firms appointed as co-lead counsel. On January 26, 2006, Offutt withdrew his motion. On January 27, 2006, Lake and Arndt filed a reply in support of their motion and did not mention the prior stipulation. What is the status of the parties' stipulation?

(2) In light of the fact that Lake sold his all of his Pixar stock two months before the alleged announcement on June 30, 2005 that "shocked the market" and "disclosed defendants' actual sales experience," how can he demonstrate "loss causation?" *See Dura Pharmaceuticals, Inc. v. Broudo*, 125 S.Ct. 1627, 1631 (2005) ("[I]f ... the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss."). Even if Lake can eventually prove causation for some damages, is he subject to unique defenses which make him an inadequate lead plaintiff?

(3) Arndt only alleges a loss of $970. If the Court disregards Lake's alleged damages due to causation problems and thus only considers Arndt's alleged loss, is this amount sufficient to demonstrate Arndt has the "largest financial interest in relief sought by the class?" *See* 15 U.S.C. § 78u-4(3)(b)(iii)(I).

(4) If the Court finds that Lake and Arndt should not be appointed as lead plaintiffs, what procedures may the Court follow to give other persons an opportunity to be appointed lead plaintiff?

1   (5)    Do the parties have anything further to add?

2         **IT IS SO ORDERED.**

4   Dated: February 8, 2006

                                            JEFFREY S. WHITE
                                            UNITED STATES DISTRICT JUDGE