IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re PIXAR SECURITIES LITIGATION

This Document Relates To:

    ALL ACTIONS.

No. C 05-04290 JSW

**ORDER APPOINTING THE LAKE GROUP AS LEAD PLAINTIFF AND APPROVING THEIR SELECTION OF LEAD COUNSEL**

    Now before the Court is the motion of plaintiffs Donald Hedges Lake, Jr. ("Lake") and Frederick P. Arndt ("Arndt") (collectively, the "Lake Group") for Appointment of Lead Plaintiff pursuant to section 21D(a)(3)(B) of the Securities Exchange Act of 1934 and for Approval of the Lake Group's Selection of Counsel. This motion has not been opposed by another other plaintiff class member.[1] Having carefully reviewed the Lake Group's papers, considered their arguments and the relevant legal authority, having had the benefit of oral argument, and good cause appearing, the Court hereby GRANTS the Lake Group's motion.

---

[1] Daniel Edward Offutt Revocable Trust ("Offutt") initially filed a separate motion to be appointed lead plaintiff and to have the Court approve Stull, Stull & Brody as lead counsel, but Offutt subsequently withdrew his motion. Defendants filed an opposition to the Lake Group's motion, but defendants do not have standing under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA") to challenge the appointment of lead plaintiffs or their counsel. *See Takeda v. Turbodyne, Inc.*, 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999).

# ANALYSIS

**A.    Lead Plaintiff**

The selection of lead plaintiff and approval of lead counsel must comply with the requirements of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA" or the "Act").  The Act provides that "the court shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(I).  The "'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of [Federal Rule of Civil Procedure] 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  The statute, therefore, imposes a rebuttable presumption that the most capable plaintiff is the class member with the largest financial interest in the relief sought by the class.  *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999).  Once such a plaintiff is identified, Rule 23(a) requires that the plaintiff must assert claims or defenses that are typical of the claims or defenses of the class and the court must find that the representative parties will fairly and adequately protect the interests of the class. *In re Cavanaugh*, 306 F.3d at 730 n.5 (citing Fed. R. Civ. P. 23(a)).  This analysis need only be preliminary at this stage in the proceedings and need not be as searching as the one triggered by a motion for class certification.  *Cf. In re Microstrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000).

At this stage of the litigation, the individuals in the Lake Group are the only class members to appear and come forward requesting Lead Plaintiff status.  Lake sold his all of his Pixar stock two months before the alleged announcement on June 30, 2005 that "shocked the market" and "disclosed defendants' actual sales experience," *see* Declaration of Karen T. Rogers ("Rogers Decl."), Ex. C, and thus could face difficulty in demonstrating "loss causation." *See Dura Pharmaceuticals, Inc. v. Broudo*, 125 S.Ct. 1627, 1631 (2005) ("[I]f ... the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss.").  At the hearing on this motion, the Lake Group argued that there may have been some information regarding the sales returns leaked out

prior to when Lake sold his Pixar stock. If so, Lake may be able to demonstrate loss causation. Even if Lake is unable to demonstrate he suffered any damages as a result of Defendants alleged misrepresentations, Arndt alleges a loss of $970. (*See* Rogers Dec., Ex. C.)  Because Lake and Arndt were the only class members who are moving for lead plaintiff status, their financial interest is the largest of any class members seeking to be appointed lead plaintiff and to prosecute this case. *See In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002) (finding that the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) must be read as successive restrictions, and thus "the most adequate plaintiff is not necessarily the class member with the largest financial interest in the action, but rather the class member with the largest financial interest in the action who is willing to prosecute the claims."). Thus, based upon a review of the record, the Court determines that the class members in the Lake Group are the "most adequate plaintiff[s]" pursuant to section 21D(a)(3)(B) of the Securities Exchange Act of 1934 and therefore appoints the Lake Group Group as the Lead Plaintiffs in this Action.

**B.      Lead Counsel**

The PSLRA provides that once the most adequate plaintiff is selected, the "most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 784-u(a)(3)(B)(v).  The decision to approve counsel selected by the lead plaintiff is a matter within the discretion of the district court. *Wenderhold*, 188 F.R.D. at 587 (holding that the court "is charged with ensuring that the class receives quality representation at a fair price and cannot, therefore, simply defer to lead plaintiff's choice of counsel); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071-72 (C.D. Cal. 1999) (holding that the legislative history of the PSLRA reveals that Congress vested the district courts with the authority to appoint lead counsel).

The Lake Group has selected and retained the law firm of Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") as lead counsel. The Lake Group has represented that Milberg Weiss is well qualified to represent the class. (*See* Rogers Decl., Ex. D attaching firm resume.)  The Court approves the Lake Group's retention of Milberg Weiss and appoints them as Lead Counsel for the plaintiff class.

3

Lead Plaintiff's Counsel shall have authority to speak for, and enter into agreements on behalf of, plaintiffs in all matters regarding pretrial procedures, discovery and settlement negotiations. Lead Plaintiff's Counsel shall manage the prosecution of this litigation to avoid duplicative or unproductive activities. Defendants' counsel may rely upon agreements made with Lead Plaintiff's Counsel, and all such agreements shall be binding on all plaintiffs. Lead Plaintiff's Counsel additionally shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for dissemination of notices and orders, and shall be responsible for communications with the Court. Finally, Lead Plaintiff's Counsel shall maintain a master service list of all parties and counsel.

**C.     Pleadings and Motions**

If related actions are subsequently filed in or transferred to this District, Defendants are not required to respond to the complaint in any action consolidated into this action, other than a consolidated complaint or a complaint designated as the operative complaint. Lead Plaintiff shall designate the instant Complaint as the operative complaint or file an amended complaint within thirty days after the filing of the instant Order, unless otherwise agreed upon by the parties. Defendants shall respond to the operative complaint within thirty days after designation or service, unless otherwise agreed upon by the parties. If Defendants file any motions directed at the consolidated complaint, the opposition and reply briefs shall be filed within thirty days and fifteen days, respectively, of that response, unless otherwise agreed upon by the parties. Defendants shall take this modified briefing schedule into consideration when noticing any motions for hearing on this Court's calendar. The parties shall serve all papers on each other by hand, by overnight delivery, or by facsimile, unless otherwise agreed upon by the parties. Counsel for the parties shall notify their clients of their document preservation obligations pursuant to the federal securities laws and the Local Rules.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion of the Lake Group for

///

///

appointment of lead plaintiff and approval of their selection of counsel.

**IT IS SO ORDERED.**

Dated: March 22, 2006

                                                      JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE